UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Centrav, Inc., AFC Travel, Inc., and
Fly For Good, Inc.,

      Plaintiffs,

  v.                                **ORDER**
                                      Civil No. 16-474 ADM/HB

TechTrav, Inc., Linda Alesch, John
Does 1–3, and Jeremy Swinborne,

      Defendants.

---

John A. Cotter, Esq., Larkin Hoffman Daly & Lindgren, Ltd., Minneapolis MN, on behalf of Plaintiffs.

William D. Schultz, Esq., Merchant & Gould PC, Minneapolis, MN, on behalf of Defendants.

---

On April 29, 2016, the undersigned United States District Judge heard oral argument on Plaintiffs Centrav, Inc. and AFC Travel, Inc.'s (collectively, "Plaintiffs") Renewed Motion for Temporary Restraining Order [Docket No. 68].[1]  Plaintiffs, businesses that provide airline travel consolidation services, seek a preliminary injunction enjoining TechTrav, Inc. ("TechTrav") from terminating, restricting, or interfering with Plaintiffs' access to the online Internet Booking Engine ("IBE") Plaintiffs use to facilitate their business.

For the reasons stated on the record, Plaintiffs have not met their burden of showing they are entitled to such an extraordinary remedy.  See Watkins Inc. v. Lewis, 346 F.3d 841, 844 (8th Cir. 2003).  The record available at this time fails to establish sufficient strength supporting Plaintiffs' legal position.  As explained at the hearing, Plaintiffs' implied license theory is

---

[1] Plaintiffs initially requested an ex parte hearing on their request for emergency injunctive relief.  See Docket No. 3.  That request was denied and Plaintiffs were directed to serve the interested defendants and re-file their moving papers.

undermined by the 2012 Asset Purchase Agreement and subsequent Shared Services Agreement which, respectively, transferred ownership in TechTrav to Ethan Screnock and memorialized the parties' desire to share services among themselves, including the IBE, until a fixed date. As expressed at the hearing, absent such a threshold showing of success on the merits, Plaintiffs are not entitled to a preliminary injunction. See Planned Parenthood Minn., N.D., S.D. v. Rounds, 530 F.3d 724, 732 (8th Cir. 2008) (movant must show they are "likely to prevail on the merits" for a preliminary injunction to issue).

Moreover, the irreparable harm Plaintiffs face is diminished by TechTrav's offer to license the IBE and related services to Plaintiffs at a fair market rate. This eliminates the dislocation and related harm Plaintiffs allege would result if they were forced to migrate to a third-party booking platform. This strongly militates against granting the requested relief because an adequate remedy at law is available if Plaintiffs are able to later demonstrate the merits of their legal position.

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs Centrav, Inc. and AFC Travel, Inc.'s Renewed Motion for Temporary Restraining Order [Docket No. 68] is **DENIED**.

BY THE COURT:


s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: April 29, 2016.

2